## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE



**CHRISTOPHER S. SONTCHI**  
**JUDGE**

**824 N. MARKET STREET**  
**WILMINGTON, DELAWARE**  
**(302) 252-2888**

August 27, 2021

**VIA CM/ECF & U.S. MAIL**

Mr. Taylor Woods  
626 Emerald Bay  
Laguna Beach, CA 92651

Mr. Howard Wu  
13600 Bayliss Road  
Los Angeles, CA 90049

EHT Asset Management, LLC  
10250 Constellation Blvd., Suite 1750  
Los Angeles, CA 90067

**Cole Schotz, P.C.**  
Seth Van Aalten  
G. David Dean  
Justin R. Alberto  
500 Delaware Avenue  
Wilmington, DE 19801  
-and-  
**Paul Hastings LLP**  
Luc A. Despins  
Nicholas A. Basset (Argued)  
G. Alexander Bongartz  
200 Park Avenue  
New York, NY 10166

RE: EHT US1, Inc., *et al.*, 21-10036  
<u>Urban Commons Queensway, LLC v. EHT Asset Management, LLC, Taylor Woods, and Howard Wu 21-50476</u>

Dear Counsel and Messrs. Wood and Wu,

    Before me is Urban Commons Queensway, LLC's (the "Plaintiff's") motion for preliminary injunctive relief to freeze sufficient funds of the defendants to ensure that the $2.4 million in Small Business Administration ("SBA") Paycheck Protection Program ("PPP") loans that the defendants, EHT Asset Management, LLC, Taylor Woods, and Howard Wu (the "Defendants"), allegedly took from Plaintiff will be returned to Plaintiff if it succeeds in its litigation against the Defendants.

There have been two hearings on this requested relief.[1] At the first hearing, I denied Plaintiff's motion for two reasons. First, it was unclear the extent to which the Supreme Court's *Grupo Mexicano* decision influenced my ability to grant the plaintiff's requested relief.[2] Second, I was not certain that Plaintiff had met its burden in showing irreparable harm.[3]

After examining Third Circuit precedent and *Grupo Mexicano*, I conclude the following: To obtain preliminary injunctive relief in the Third Circuit, a plaintiff must show that it has met the requisite burden of proof for the "two most critical factors"[4] — (i) "[a] reasonable probability of success in the litigation"[5] and (ii) "[a] more-likely-than-not irreparable injury absent the emergency relief."[6] If the plaintiff succeeds in making those showings, the court then conducts "an overall balancing . . . in consideration of two additional factors"[7]: (iii) "[t]he possibility of harm to other interested persons from the grant or denial of the injunction, and"[8] (iv) "[t]he public interest."[9]

I also conclude that the *Grupo Mexicano* decision holding that district courts cannot grant preliminary injunctions to freeze a defendant's assets if a plaintiff had no legal claim to those assets,[10] does not apply to bankruptcy courts in general or, more specifically, to fraudulent transfer actions in bankruptcy.[11]

As *Grupo Mexicano* does not apply, a plaintiff is entitled to preliminary injunctive relief if it can show that (i) it is likely to win the litigation, (ii) without preliminary

---

[1] See D.I. 23 (Tr. of H'rg. held May 26, 2021), and D.I. 63 (Tr. of H'rg. held July 26, 2021).

[2] D.I. 23, Tr. of H'rg. pp. 51–52.

[3] *Id*.

[4] *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017).

[5] *Bullock v. Carney*, No. 20-2096, 2020 WL 7038527, at *1 (3d Cir. June 4, 2020) (J. Phipps, dissenting) (citing *Reilly v. City of Harrisburg*, 858 F.3d at 176, 179).

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) ("we hold that the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages.").

[11] *In re Owens Corning*, 419 F.3d 195, 208 n.14 (3d Cir. 2005), *as amended* (Aug. 23, 2005), *as amended* (Sept. 2, 2005), *as amended* (Oct. 12, 2005), *as amended* (Nov. 1, 2007) (interpreting *Grupo Mexicano*'s holding to carve-out exceptions for bankruptcy courts and fraudulent conveyance actions.) "In short, the Court's opinion in *Grupo Mexicano* acknowledged that bankruptcy courts *do* have the authority to deal with the problems presented by that case." *Id*. at p. 208–209 n.14 (emphasis in original). *See also*, *Rubin v. Pringle (In re Focus Media, Inc.)*, 387 F.3d 1077, 1085 (9th Cir. 2004) *cert. denied*, 544 U.S. 923 (2005) ("[W]e hold that where, as here, a party in an adversary bankruptcy proceeding alleges fraudulent conveyance or other equitable causes of action, *Grupo Mexicano* does not bar the issuance of a preliminary injunction freezing assets").

injunctive relief, it more likely than not will be unable to recover damages from the Defendant, and (iii) the overall balancing of the above two factors in connection with the remaining two factors weighs in favor of granting the plaintiff's motion.[12] I find that the evidence[13] shows a more than 50% likelihood that absent a preliminary injunction, the Defendants' assets will dissipate and Plaintiff will not recover. The following facts support my conclusion.

First, Defendants Woods and Wu have a history of wrongful acts and have proven that they are capable of shuffling assets. Mr. Woods misrepresented or lied to U.S. authority with the implied consent of Mr. Wu by applying for and obtaining an SBA PPP loan in Defendant Woods' name to be used for wrongful purposes.[14] Specifically, Mr.

---

[12] *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990), *holding modified by Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994); *see also Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140-41 (3d Cir. 2000) ("We agree with the federal courts, including a number of district courts in this circuit, that have held that trust dissipation can satisfy this factor if, absent such relief, ultimate recovery is rendered unlikely."). As *Hoxworth* was not overruled by *Grupa Mexicano* or a Third Circuit en banc decision, it is still applicable law when applied by a bankruptcy court dealing with the likely dissipation of assets. *See, e.g., Reilly v. City of Harrisburg*, 858 F.3d 173, 177 (3d Cir. 2017), *as amended* (June 26, 2017) ("In our Court the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so.") (internal citations and quotations omitted).

Even if *Grupo Mexicano* applied, I could still enter preliminary injunctive relief under the facts before me today. *See, e.g.. In re Soundview Elite Ltd.*, 543 B.R. 78, 121 (Bankr. S.D.N.Y. 2016) (stating that "[c]ourts have routinely held that when equitable claims have been asserted, the *Grupo Mexicano* rule barring issuance of a preliminary injunction freezing assets does not apply."). *Id.* at p. 121 n.223 (compiling cases in support). *Id.* at p. 122 n.224 (compiling cases finding that *Grupo Mexicano* is inapplicable to cases where a plaintiff seeks equitable claims *in addition to* legal claims (such as a constructive trust)).

[13] I find the defendants' attempts to interpret the evidence otherwise to be unpersuasive. For example, the fact that the individual defendants refuse to pay numerous personal obligations and bled one affiliate entity dry (causing its creditors to file an involuntary chapter 11 petition against it) while another affiliate entity maintained $10 million in cash with which it bid on a debtor's assets weighs in favor of finding that the defendants are more than proficient in using corporate form, transferring assets, and avoiding personal liability. *See generally* the two declarations, below:

D.I. 4, *Declaration of Will Clark Farmer in Support of Plaintiff Urban Commons Queensway, LLC's Motion for Preliminary Injunctive Relief Pursuant to Federal Rule of Bankruptcy Procedure 7065 and 11 U.S.C. § 105* (Farmer Decl. (I)), filed May 21, 2021.

D.I. 49, *Declaration of Will Clark Farmer in Support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Extend the Time to Respond to Plaintiff Urban commons Queensway LLC's Motion for Summary Judgment and Renewed Cross-Motion for Preliminary Injunctive Relief* (Farmer Decl. (II)), filed July 15, 2021.

[14] Farmer Decl. (I), at Exh. I (Woods signed the PPP loan application on behalf of UCQ; listed himself as the current "Manager"; and listed UCQ Holding, LLC as holding a 100% ownership interest in UCQ even though it did not); *id.*, at Exh. M (a June 2, 2020 email from Dong to Woods) ("taking off [Newtek] from this [email] chain" acknowledging that "the problem for [UCQ is that] the ultimate owner [of UCQ] is EHT US1 (REIT-owned) instead of EHT Asset Management (Taylor/Howard owned)."); *id.*, at Exh. N (despite knowing the true owner of UCQ, Woods and Wu lied and listed themselves as the true owners in

Woods knowingly or recklessly made false statements to obtain an SBA PPP loan by signing an SBA PPP loan application on behalf of Plaintiff without Plaintiff's knowledge or consent.[15] After wrongfully obtaining the funds, Messrs. Woods and Wu transferred them to Defendant EHT Asset Management, an entity they wholly owned, and then caused the funds to disappear.[16] They now have the gumption to refuse to return the funds to Plaintiff (or even hold the funds in a trust pending outcome of the litigation).[17] These facts show Defendants' willingness to flaunt the law, use entities and transfers to avoid paying money wrongfully obtained, and a lack of remorse for so doing.

Additionally, Plaintiffs bring before this Court evidence of multiple lawsuits and judgments against Defendants Woods and Wu for fraud, breach of repayment obligations, and other loan defaults.[18] The evidence supports my finding, that Defendants will more likely than not fail to pay the plaintiff if the plaintiff wins the litigation (which it most likely will).[19]

Plaintiff met its burden as to the first two critical factors. I already found that factors (iii) and (iv) individually weigh in favor of granting Plaintiff's preliminary injunctive relief.[20] Altogether, after balancing the four factors, I find them weighing in favor of granting the preliminary injunctive relief Plaintiff requests.

---

"Addendum A" sent to Newtek); *See also id.* at Exh. Q (supporting proposition that Defendants failed to use a substantial portion of the loans for SBA-approved purposes).

[15] *See supra* note 12.

[16] Bank accounts in the record show that Messrs. Woods and Wu improperly transferred funds from the plaintiff to EHT Asset Management and then spent them for their own benefit. *See* Farmer Decl. (I) at Exh. P. *See id.*, at Exh. O at Bates No. UC00000127 (showing transfer of funds); *See also id.*, at Exh. Q.

[17] *See id.*, at Exh. Z. *See also*, D.I. 11, *Plaintiff Urban Commons Queensway, LLC's Motion for Preliminary Injunctive Relief Pursuant to Federal Rule of Bankruptcy Procedure 7056 and 11 U.S.C. § 105*, at p. 12 ¶ 38 (The Defendants informed the Debtors that they would not be returning the proceeds and would not be willing to escrow them either.")

[18] Farmer Decl. (II), at Exhs. I (lawsuit alleging fraud, seeking $1,430,000 in damages), J (lawsuit bringing twenty-one counts, seeking more than $750,000 in damages), L (in same case as Exh. J—order authorizing plaintiffs to attach property of Woods and Wu), K (in same case as Exh. J—Woods and Wu's counsel's motion to withdraw), M (lawsuit against Woods and Wu for failing to pay $2,000,000 loan extended to them on maturity date; defense counsel filed a motion to withdraw), N (lawsuit alleging default on $1,500,000 loan), O (same case as Exh. N—Judgment of $1,700,000 entered against defendants), P (lawsuit alleging breach of payment obligations, seeking $1,000,000), Q (lawsuit alleging misappropriation of over $10,000,000 in connection with two loans), R (orders for writ of attachment issued against Woods and Wu), U (an amended default judgment for $3,850,000), and V (a writ of execution seeking enforcement of the judgment at Exh. U). The dates the judgments/complaints/writs were entered is irrelevant.

[19] "There is an overwhelming likelihood of success on the merits, as far as I can see." D.I. 23, Tr. of H'rg. at p. 49 lines 18–19.

[20] D.I. 23, Tr. of H'rg. pp. 49–51.

Accordingly, I will grant Plaintiff's preliminary injunctive relief to freeze the assets of each of the Defendants. Pursuant to Fed. R. Bankr. Pro. 7065, I find that Plaintiff need not comply with Fed. R. Civ. Pro. 65(c).

I direct Plaintiff to submit under certification of counsel an order implementing this ruling at its earliest convenience.

Sincerely,

*/s/ Christopher S. Sontchi*

Christopher S. Sontchi
United States Bankruptcy Judge